# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                              **Case No.:  10-00025-01-CR-W-HFS**

**Khalid Ouazzani,**

        **Defendant.**

                                 **USM Number:  22147-045**

                                 Robin D. Fowler, Retained

## AMENDED JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty on October 7, 2013 to Count 1 of Superseding Information filed on May 19, 2010 and pleaded guilty to Count 11 and 23 of the Indictment filed on February 3, 2010.   Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 1344 | Bank fraud. | 10/2008 | 11 |
| 18 U.S.C. 1956 | Money laundering. | 05/23/07 | 23 |
| 18 U.S.C. 2339B | Conspiracy to provide material support to foreign terrorist organizations. | 02/2010 | S1 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The remaining counts against the defendant are dismissed on the oral motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                 Date of Imposition of Sentence: October 7, 2013

                                 /s/ Howard F. Sachs
                                 HOWARD F. SACHS
                                 SENIOR U. S. DISTRICT JUDGE

                                 November 1, 2013

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **48 months on Count 11 of the Indictment and 48 months on Count 23 of the Indictment with the term on Count 11 and Count 23 to run concurrent; and 120 months on Count 1 of the Information with the term to run consecutive to the term of imprisonment on Count 11 and 23, for a total term of 168 months of imprisonment.**

The Court recommends to the Bureau of Prisons:

Court designates a facility close to the Kansas City, MO area.  Defendant shall be given the opportunity to participate in the RDAP program where incarcerated.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years**. This consists of 5 years on Count 11 of the Indictment, 3 years on Count 23 of the Indictment, and 3 years on Count 1 of the Information, the terms to run concurrent.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.  The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.  The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  The defendant shall support his or her dependents and meet other family responsibilities;

5.  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall successfully participate in a substance abuse testing program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office, and pay any associated costs as directed by the Probation Office.

2. The defendant shall not consume or possess alcoholic beverages or beer, including 3.2 percent beer, at any time.

3. The defendant shall submit his person, and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to a search at any time, conducted by a U.S. probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

4. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Office.

5. The defendant shall provide the Probation Office access to any requested financial information.

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____          _____
Defendant                                                                    Date


_____          _____
United States Probation Officer                                       Date

AO 245B (Rev. 9/08-2/10) Judgment in a Criminal Case

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$300.00** | **$** | ***$484,914.41** |

The mandatory special assessment of $300.00 is due immediately.

Since the Court finds the defendant does not have the ability to pay a fine, the fine is waived.

Restitution in the amount of $484,914.41 is imposed. A lump sum payment of the full amount is ordered due immediately. If unable to pay the full amount immediately, the defendant shall make payments of at least 10 percent of earnings while incarcerated and monthly payments of $500.00 or 10 percent of gross income, whichever is greater, while on supervision. Restitution shall be paid to the following persons in the following amounts, with one-third of the payment to each victim as follows: Barth Nicholson, 14536 Alden, Olathe, KS 66062 in the amount of $62,000.00. Union Bank, Attention: Janine Clark, 222 West Gregory Avenue, Kansas City, MO 64114 in the amount of $181,000.00. Bank of America, Attention: Steve P. Geniuk, 2002 N.E. 46th Street, Kansas City, MO 64116 in the amount of $241,914.41. While restitution is still owed, the defendant shall notify the United States Attorney of any change of residence within 30 days and notify the Court and the United States Attorney when there is a material change in the defendant's economic circumstances. Since the Court finds the defendant does not have the ability to pay interest, any interest is waived.

The preliminary order of forfeiture entered on June 25, 2010 is finalized and imposed.

Note: Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court. The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

(*Amended to correct restitution amount.)

AO 245B (Rev. 9/08-2/10) Judgment in a Criminal Case