**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 10-00025-01-CR-W-BCW |
| KHALID OUAZZANI, | |
| Defendant. | |

### GOVERNMENT'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S PRO SE MOTION TO RECONSIDER

The United States of America respectfully submits that this Court should deny defendant Khalid Ouazzani's motion to reconsider its order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (D.E. 71.) For the reasons stated in its opposition to Ouazzani's original motion (D.E. 66), and because his motion for reconsideration still fails to demonstrate any extraordinary and compelling reasons justifying a reduction, the Government opposes the request and asks this Court to deny Ouazzani's motion.

### I  Background

On May 14, 2020, Ouazzani filed a motion for compassionate release that asserted that the current situation regarding the coronavirus (COVID-19) placed him at risk if he remained in custody. (D.E. 65.) After the Government opposed (D.E. 66), and Ouazzani replied (D.E. 67, 68, 69), this Court denied that motion, finding Ouazzani "failed to demonstrate extraordinary and compelling reasons to support his request for compassionate release." (D.E. 70 at 3.) In particular, this Court found that Ouazzani's motion "fails to provide proof of any particular medical conditions or any other circumstances that amount to extraordinary and compelling reasons to warrant a sentence reduction." (D.E. 70 at 3.)

Ouazzani has now moved this Court to reconsider that denial, but that motion presents no new information to warrant this Court's reconsideration. (D.E. 71 at 1.) In his motion to reconsider, Ouazzani claims that obesity, hypertension, and latent tuberculous put him at greater risk for serious complications form COVID-19. (D.E. 71 at 3-4.) His records, however, do not show obesity, and at most show that in 2019 he was overweight. (D.E. 71-1 at 1.) While the records do indicate a diagnosis of hypertension and that he was diagnosed with latent tuberculous years ago, as shown below, neither of those conditions are accepted by the CDC as known risk factors for serious complications from COVID-19.

Ouazzani is currently in custody at FCI Safford in Safford, Arizona. At the time of this filing, that facility has only 5 current cases of COVID-19 among either inmates and 11 current cases among staff. *See* https://www.bop.gov/coronavirus/index.jsp.

## II. <u>Argument</u>

To be entitled to compassionate release, this Court must find that Ouazzani has demonstrated that "extraordinary and compelling reasons warrant such a reduction," that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and only "after considering the factors set forth in section 3553(a)." 18 U.S.C. 3582(c)(1)(A)(i). Ouazzani's motion to reconsider claims that he has three health conditions that constitute extraordinary and compelling reasons in light of the pandemic. Ouazzani, however, fails to present any evidence of a health condition that the CDC recognizes as putting him at increased risk for serious complications from COVID-19, and for that reason fails to provide any extraordinary or compelling reason for relief. This Court should deny his motion to reconsider.

The CDC has identified two separate categories of medical risk factors affecting the likelihood of severe outcomes from COVID-19. First, the CDC established a list of conditions

that, according to current data, definitively entail a greater risk of severe illness. The Government acknowledges that, during the current COVID-19 pandemic, an individual whose medical records confirm a condition on this first list, and who is not expected to recover from that condition, presents an extraordinary and compelling reason for compassionate release. In this case, Ouazzani has not provided any evidence that he suffers from a chronic condition the CDC has identified as a risk factor for a severe outcome from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html. Ouazzani has alleged he suffers from obesity (D.E. 71 at 3), but the records he provides in support show only that in 2019 he diagnosed as overweight (D.E. 71-1 at 1), which is not recognized by the CDC as a known risk factor.

The second CDC list of risk factors identifies conditions that "might" have an increased risk of severe illness from COVID-19. With respect to this second list, the CDC advises "COVID-19 is a new disease. Currently there [is] limited data and information about the impact of underlying medical conditions and whether they increase the risk for severe illness from COVID-19." Although Ouazzani has asserted that he suffers from hypertension, which is one of the conditions on this second CDC list, this condition does not present an extraordinary and compelling reason for release. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html.

The Application Notes for § 1B1.13 are instructive and provide guidance for this Court when determining whether a defendant has demonstrated an extraordinary and compelling reason for a sentencing reduction. *See United States v. Gunn*, 2020 WL 6813995, at *1-2 (7th Cir. Nov. 20, 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been

abused. In this way the Commission's analysis can guide discretion without being conclusive."); *United States v. Pelichet*, 2020 WL 6825699, at *5 (D.S.D. Nov. 20, 2020) ("With the understanding that it is not limited by Guideline § 1B1.13, the Court will look to the Sentencing Commission's commentary notes for guidance." (citing *Rodd*, 966 F.3d at 745 (noting that the district court first analyzed the prisoner's motion under the commentary to § 1B1.13 to determine whether he satisfied the "extraordinary and compelling" reasons for compassionate release)); *United States v. Gashe*, 2020 WL 6276140 at *3 (N. D. Iowa Oct. 26, 2020) ("I agree with those courts that have found that although [§ 1B1.13] provides helpful guidance on what constitutes extraordinary and compelling reasons, it is not conclusive given the FSA's changes.")

The application notes for U.S.S.G. § 1B1.13 define medical condition of a defendant as:

Medical Condition of the Defendant.--

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is--

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(U.S.S.G. § 1B1.13 Application Note 1(A).)

Ouazzani has made an inadequate showing of extraordinary and compelling circumstances. There is no evidence or claim that he is unable to provide self-care or perform daily living

activities.  Ouazzani has failed to sustain his burden to prove that he meets the requirements for compassionate release or a reduction of sentence.  Ouazzani does not have a terminal illness/suffer from any physical or mental condition that substantially diminishes his ability to provide self-care within the correctional facility.  Further, Ouazzani provides no evidence that he suffers from one of the identified CDC medical conditions that places him at an increased risk for severe illness from COVID-19.  There are no extraordinary and compelling reasons, as those terms are defined for the purpose of 18 U.S.C. § 3582(c)(1)(A), justifying compassionate release in this case.

## III. Conclusion

Based on the foregoing, as well as the reasons provided in its opposition to Ouazzani's original motion, the Government respectfully requests that this Court deny the present motion for reconsideration (D.E. 71).

TIMOTHY A. GARRISON
United States Attorney

By      /s/ *Brian P. Casey*

BRIAN P. CASEY
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on January 25, 2021, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record and defendant at:

Khalid Ouazzani, *Pro Se*
Reg. No. 22147-045
FCI Safford
Federal Correctional Institution
P.O. Box 9000
Safford, Arizona  85548

/s/  *Brian P. Casey*
Assistant United States Attorney

Case 4:10-cr-00025-BCW     Document 72     Filed 01/25/21     Page 6 of 6